Were the superadded words, equally to be dividedbetween them, stricken out, and the case decided according to the laws of England, there would be no doubt but that the wife who survived her husband would take an estate in special tail; that the estate created by the devise should stand thus, an estate to husband and wife during the coverture with a contingent remainder in special tail to the survivor; for the heirs of the body being called to the succession in (251) the character of heirs, must take in the quality of heirs, which could not be effected without according to the ancestor an estate descendible to the heirs of her body, and this, regardless of the intent of the devisor, for the question is not what he intended to do, but what he has done; he has called to the succession the heirs of her body after giving to her a life estate; and they claiming in their character of heirs, the ancestor must have an estate of inheritance herself, for the heirs as heirs can take only that which was in the ancestor. But since the abolition of estates tail "heirs of the body" can no longer take in that character, and, therefore, cannot take in the quality of heirs. In their proper sense those words can no longer be considered as words of limitation or expansion; they must, therefore, be understood as words of purchase, when we are ascertaining in what character the heirs are called to the succession and in deciding on the question whether the ancestor took an estate of inheritance or a bare estate for his life only. It is admitted that if an estate be granted to A. and to the heirs of his body, that A. has a fee simple; not that it is converted into a fee simple by the act of 1784 — it was not otherwise for a moment. The Legislature declared by that act that all such limitations thereafter made should create a fee simple descendible to the heirs collateral as well as lineal. We cannot, therefore, by construction, turn a life estate into an estate tail, and then give it up to the operation of the act of 1784, and thereby entirely defeat the intention of the devisor; for in such case the collateral heirs would succeed on failure of lineal heirs. Heirs general include the whole inheritable blood. By our law the latter description has lost its character; our law knows of no such body of heirs taking exclusively. But the words have not lost their meaning as a designatio personarum; they point to the same persons that they did before the act of 1784. When the person designated comes to *Page 108 
(252) claim, and not before, the question then arises, In what character does he claim in order to ascertain in what quality he should take? If, therefore, an estate for life be given to A., remainder to the heirs of his body, and a collateral heir, a brother, should come to claim, the question in what character he claims would never arise; the previous question would dispose of his claim, that he is not the person designated; he could, therefore, claim in neither character. As well might it be said that the two estates unite where the limitation is to the first son; first, for the word son is not a word of limitation, but of purchase, because it does not include the whole inheritable blood of either species of estates known to the laws of England. So here, heirs of the body are not words of limitation, but of purchase, when we are ascertaining this previous question, for the very same reasons; they do not include the whole inheritable blood on whom any estate of inheritance is descendible.
The rule, therefore, is, when by the words the same persons are called to the succession in the same manner as when called by the law, they claim in the character of heirs, and must take in the quality of heirs; and when not, they take as purchasers.
I am glad that we are relieved from deciding on the meaning of the words heirs of the body or heirs general when applied to personal property. The question in the abstract does not appear to be settled in England. The opinion expressed by Lord Alvanley in Ves., Jr., I think is the better one, that they mean heirs quoad the property. It is true that many cases may be found where it is said that they mean children, issue, descendants, next of kin, and the like. But this meaning is given to them in reference to the particular case then under consideration, as where the contest is between the eldest son and heir at law and the other children. There it was said they mean children to include the whole, for they are heirs quoad the property; also where they were construed children to prevent the operation of the maxim nemo est haeres viventis, and the like. There is one case decided by Sir Thomas Clarke, (253) master of the rolls, in which it was adjudged that they meant children, in exclusion of grandchildren; but I do not find that this case is followed; it is not so much as noticed by Lord Alvanley, and it appears to me to be a strange decision; but there was a reason given for it, but a very poor one. The estate was devised to the heirs of the body of A. and to the children of B. Sir Thomas Clarke took hold of the word children of B. to exclude the grandchildren of A. If necessity required it, I think he ought to have reserved it. But in this case we are relieved from the consideration of the question, for the devise certainly intended the property to be kept together, and to go over together; and there is nothing improper to use a word proper to designate a person in *Page 109 
regard to real property, to point out a purchaser of personal property. It is true that the devisor could not make it descend as real property; but because we cannot effectuate his intent in toto is no reason that we shall not do it in part; and by these words we are carried to persons to take by certain designation, for the statute of 1784 has not destroyed the meaning
of the words heirs of the body; they still designate those lineal descendants on whom an inheritance devolves so far as regards designating a purchaser. But, it was argued, why not take its meaning with respect to personal property as regards both species, as they are to be kept together, and carry both estates to the heir quoad the personal estate? The answer is, the words heirs of the body are more appropriate to real estate; it is there technical; in the other it is more uncertain, and we are left in some measure to conjecture. Besides, the real estate is the most worthy, and if both estates are to go together, its word of designation shall be preferred.
I, therefore, think that the mortgagor had nothing in the property when the mortgage was made, and that the other children, not claiming under him, will not be affected by his transfer. The bill must, therefore, be dismissed with costs. (254)